IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETZAIDA BURKE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-5559 |
| | : | |
| VEOLIA ENERGY COMPANY, et al. | : | |

## MEMORANDUM

**Juan R. Sanchez, J.**                                        **February 1, 2017**

Plaintiffs Betzaida and Joseph Burke, husband and wife, bring claims for negligence and loss of consortium against Veolia Energy Philadelphia, Inc.,[1] the City of Philadelphia, and the United States of America, seeking damages for injuries they sustained as a result of an accident in which Ms. Burke tripped and fell on an uneven walking surface in front of a federal building in Philadelphia.  Plaintiffs' claims against the United States are brought pursuant to the Federal Tort Claims Act (FTCA), which grants the federal district courts exclusive jurisdiction over civil actions against the United States for money damages for personal injuries caused by negligent or wrongful acts or omissions by Government employees.  *See* 28 U.S.C. § 1346(b)(1).  The United States moves to dismiss the Complaint for lack of subject matter jurisdiction based on Plaintiffs' failure to exhaust administrative remedies before filing the instant lawsuit.  Plaintiffs do not dispute that their claims against the United States are premature, but urge the Court to stay this action until Ms. Burke's administrative claim is exhausted, which will occur as a matter of law in less than a month.  Because Plaintiffs' proposed approach is not permitted, the United States' motion to dismiss will be granted.  As the denial of Ms. Burke's administrative claim is not yet final, her negligence claim against the United States will be dismissed without prejudice to refiling after the claim has been properly exhausted.  Because Mr. Burke failed to timely present

---

[1] Veolia is incorrectly identified in the caption of the Complaint as Veolia Energy Company.

an administrative claim to the General Services Administration (GSA), his loss of consortium claim will be dismissed with prejudice.

**FACTS**[2]

On October 23, 2014,[3] while walking on a sidewalk or walkway adjacent to the federal building located in the 900 block of Market Street in Philadelphia, Betzaida Burke tripped and fell on an uneven walking surface consisting of broken pavement adjacent to a wobbly and unsturdy manhole or steam pipe cover.[4] Ms. Burke sustained significant orthopedic injuries as a result of her fall.

Sometime in 2015,[5] Ms. Burke submitted an administrative claim to GSA, alleging she had been "caused to trip on an uneven and broken pavement adjacent to a building owned by the U.S. GSA," which "caused [her] to roll her right foot and ankle causing a complete tear of the

---

[2] The following facts are drawn from Plaintiffs' Complaint as well as from the two exhibits attached to the United States' motion to dismiss: (1) the administrative claim Ms. Burke submitted to the GSA regarding her accident, and (2) Ms. Burke's July 5, 2016, request for reconsideration of the denial of her administrative claim. The Court may properly consider both of these exhibits in evaluating the United States' factual challenge to subject matter jurisdiction. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (holding a court addressing a factual challenge to subject matter jurisdiction under Rule 12(b)(1) may "review evidence outside the pleadings").

[3] Although the Complaint alleges Ms. Burke's accident occurred on October 23, *2016*, Compl. ¶ 5, Ms. Burke's administrative claim form and request for reconsideration identify the date of the accident as October 23, *2014*. Gov't Mem. in Supp. of Mot. to Dismiss Exs. A & B. In their opposition to the United States' motion to dismiss, Plaintiffs confirm the accident in fact occurred on October 23, *2014*. Pls.' Opp'n ¶ 6.

[4] According to the Complaint, the wobbly manhole/steam pipe cover may have caused or contributed to the breaks in the pavement, or, alternatively, the pavement breaks may have caused or contributed to the wobbly condition of the manhole/steam pipe cover.

[5] There are two dates listed on the claim form under the heading "Date of Signature": the typewritten date "07/28/15" and the handwritten date "12/7/15." Gov't Mem. in Supp. of Mot. to Dismiss Ex. A. Whether the claim was submitted in July or December 2015 is immaterial, as under the FTCA, Ms. Burke had two years from the date her claim accrued to submit an administrative claim. *See* 28 U.S.C. § 2401(b).

anterior talofibular ligament." Gov't's Mem. in Supp. of Mot. to Dismiss Ex. A. The claim form lists the amount of the claim as $250,000 for personal injury. *Id.* GSA received Ms. Burke's claim on December 24, 2015, *see id.*, and denied the claim by letter dated on June 30, 2016, *see id.* Ex. B. On July 5, 2016, Ms. Burke submitted a request for reconsideration of the denial, which GSA received on August 9, 2016, *see id.*, and which remains pending.

On October 21, 2016, Ms. Burke and her husband filed this action, asserting, on behalf of Ms. Burke, claims for negligence against Veolia as the owner of the manhole/steam pipe cover, the City as the owner of the sidewalk/walkway where the fall occurred, and the United States as the owner of the real property and federal building adjacent to the accident location. Plaintiffs also assert claims for loss of consortium on behalf of Mr. Burke against all three Defendants.

Although Veolia and the City have both answered the Complaint, the United States filed the instant motion to dismiss, arguing this Court lacks subject matter jurisdiction under the FTCA because Plaintiffs failed to exhaust their administrative remedies before initiating this federal court action.

## DISCUSSION

The FTCA requires a claimant to exhaust administrative remedies before bringing suit against the United States, providing, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Section 2675(a) requires "complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112 (1993).

"No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency *and* the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (emphasis added).   In the Third Circuit, this exhaustion requirement "is jurisdictional and cannot be waived."  *Id.* at 569.

As described above, Ms. Burke has made efforts to exhaust her claim against the United States in this case by submitting an administrative claim to GSA, which GSA later denied. Notwithstanding GSA's denial of the administrative claim, the Government argues Ms. Burke's claim remains unexhausted because she subsequently filed a request for reconsideration of the denial with GSA and that request remains pending.  The Court agrees.

Under applicable Justice Department regulations, a claimant has six months from the date on which notice of the final denial of an administrative claim is mailed to either file suit in federal court or file a written request with the agency for reconsideration.  28 C.F.R. § 14.9; *see also Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009).  If a claimant timely files a request for reconsideration, "the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a)"—i.e., the option to treat the administrative claim as finally denied if the agency fails to make a final disposition within six months after the claim is filed—"shall not accrue until 6 months after the filing of a request for reconsideration."  28 C.F.R. § 14.9(b).  Here, GSA denied Ms. Burke's administrative claim by letter dated June 30, 2016, and received Ms. Burke's request for reconsideration less than six weeks later, on August 9, 2016; hence, the reconsideration request was timely, and GSA has until February 9, 2017, to make a final disposition of Ms. Burke's claim.  Because Ms. Burke filed suit on October 21, 2016, before GSA issued a decision on her request for reconsideration and before the six-month period in which to make such a ruling expired, her claim against the United States is not yet exhausted.

4

In their opposition to the motion to dismiss, Plaintiffs concede that, if Ms. Burke's request for reconsideration "was properly received" and her claim "is being reconsidered," then her claim against the United State is premature. Pls.' Opp'n ¶ 3. At the time Plaintiffs filed this action, however, they had not received formal written confirmation that GSA had received Ms. Burke's request for reconsideration. Moreover, the two-year statute of limitations applicable to her claims against Veolia and the City, which ran from the date of the accident—October 23, 2014—was about to expire. *See id.* ¶ 6. In light of these factors, and viewing the United States as an indispensable party in whose absence the action could not proceed, Plaintiffs filed this action on October 21, 2016.

Despite conceding that Ms. Burke's claim against the United States is premature, Plaintiffs urge the Court to stay the claim rather than dismiss it, arguing the six-month period for GSA to rule on her request for reconsideration will soon expire, on February 9, 2017, at which point the claim will be exhausted and any jurisdictional defect will be cured. The Supreme Court's ruling in *McNeil v. United States* forecloses this approach. In *McNeil*, the Supreme Court considered whether an FTCA action "may be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." 508 U.S. at 107. The Supreme Court answered this question in the negative, holding the FTCA "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and affirming the district court's dismissal of the claimant's prematurely filed case. *Id.* at 113. Unlike the claimant in *McNeil*, Ms. Burke took steps to exhaust her administrative remedies before filing the instant lawsuit. But because she had not received a final denial of her administrative claim at the time this case was filed—and still has not received a final denial of the claim—her claim against the United States remains premature and must be dismissed without prejudice to refiling after the claim has been properly

5

exhausted.  *See id.* at 112 (holding the FTCA requires "complete exhaustion of Executive remedies before invocation of the judicial process"); *cf. Wadhwa v. Nicholson*, 367 F. App'x 322, 324-25 (3d Cir. 2010) (holding an FTCA action filed after the plaintiffs submitted an administrative claim, but before they received a final denial of the claim, was properly dismissed for lack of subject matter jurisdiction).

In contrast to Ms. Burke, Mr. Burke admittedly never filed an administrative claim with GSA.  Pls.' Opp'n ¶ 14.  Plaintiffs argue it was unnecessary for Mr. Burke to file a separate administrative claim because his loss of consortium claim is derivative of his wife's negligence claim and will not increase the Government's total exposure in this case, as Plaintiffs are willing to limit their claims to no more than $250,000, the amount listed in Ms. Burke's administrative claim.  *See id.* at 9.  Plaintiffs contend that, in these circumstances, Ms. Burke's administrative claim is sufficient to exhaust both her and her husband's claims because it satisfies the purpose of the exhaustion requirement "to provide the government with sufficient information relating to the nature and circumstances surrounding the injury and the amount of the potential claim to effectuate efficiency and fair settlements."  *Id.* ¶ 15 (quoting *Loper v. United States*, 904 F. Supp. 863, 865 (N.D. Ind. 1995)).  The Court disagrees.

Under Pennsylvania law,[6] a loss of consortium claim "emerg[es] from the impact of one spouse's physical injuries upon the other spouse's marital privileges and immunities."  *Darr Constr. Co. v. Workmen's Comp. Appeal Bd.*, 715 A.2d 1075, 1080 (Pa. 1998).  Although "the validity of a loss of consortium claim is derivative of the validity of the injured spouse's claim," *Jensen v. United States*, No. 09-2977, 2009 WL 4117357, at *3 (E.D. Pa. Nov. 24, 2009), a loss

---

[6] "The cause of action in an FTCA claim . . . must come from state tort law."  *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . .").

of consortium claim "remains a separate and distinct cause of action" that permits recovery for losses personal to the non-injured spouse, *Darr Constr. Co.*, 715 A.2d at 1080. As a result, courts in this district have repeatedly held that to satisfy the FTCA's exhaustion requirement, a party asserting a claim for loss of consortium must provide separate notice of the claim to the appropriate agency. *See, e.g.*, *Johnson v. Agape Ministries/Agape Baptist Church*, No. 16-254, 2016 WL 2866522, at *3 (E.D. Pa. May 17, 2016); *Jensen*, 2009 WL 4117357, at *3; *McDevitt v. U.S. Postal Serv.*, 963 F. Supp. 482, 484 (E.D. Pa. 1997); *Ferguson v. United States*, 793 F. Supp. 107, 110 (E.D. Pa. 1992); *cf. also Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 23 (1975) (affirming the dismissal of class action claims against the United States for lack of subject matter jurisdiction and observing that "[u]nder [the FTCA's] procedures, before the jurisdiction of the courts may be invoked, each claimant must submit an independent and separate claim to the appropriate administrative agency for review and possible settlement"), *overruled on other grounds by Pennsylvania v. Porter*, 659 F.2d 306, 318 (3d Cir. 1981).

Contrary to Plaintiffs' assertion, moreover, Ms. Burke's administrative claim cannot be deemed to have provided the United States with adequate notice of Mr. Burke's claim. This case is distinguishable from *Loper*, cited by Plaintiffs, in which a district court in Indiana held an administrative claim form that specifically disclosed only the injured spouse's direct injuries was sufficient to exhaust the non-injured spouse's loss of consortium claim. *See* 904 F. Supp. at 865-66. The claim form at issue in *Loper* "identif[ied] both spouses as claimants and b[ore] the signatures of both spouses." *Id.* at 866. The claim form in this case, in contrast, identifies Ms. Burke as the sole claimant, bears only her signature, and describes only her injuries as a result of her fall. *See* Gov't's Mot. to Dismiss Ex. A. While the form discloses Ms. Burke's marital status, it does not so much as mention her husband and thus gives no hint that Mr. Burke is pursuing a loss of consortium claim. *See, e.g.*, *Rucker v. U.S. Dep't of Labor*, 798 F.2d 891, 893

(6th Cir. 1986) ("[I]dentifying a claimant's wife on [an administrative claim form], without more, is not sufficient to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a)."); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) (same).  Nor does Plaintiffs' current willingness to stipulate that they collectively are not seeking more than the $250,000 amount set forth on Ms. Burke's administrative claim form render Ms. Burke's administrative claim sufficient to exhaust Mr. Burke's loss of consortium claim.  As the court observed in *Jensen*, even if the claimed amount in fact includes the loss of consortium damages, "the agency cannot assess realistically the scope of its liability if it lacks notice that the sum certain listed on a claim represents the damages asserted by multiple claimants and cannot discern the relative size of each person's claim for damages."  2009 WL 4117357, at *3 n.5 (citing *Frantz v. United States*, 791 F. Supp. 445, 453 (D. Del. 1992)).

Because Mr. Burke's loss of consortium claim is unexhausted, the claim must be dismissed.  Moreover, as more than two years have passed since Mr. Burke's loss of consortium claim accrued on October 23, 2014, the date of his wife's accident, the claim is "forever barred," as it is now too late for him to file a timely administrative claim.  28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").  Mr. Burke's loss of consortium claim against the United States will therefore be dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.